(134 So. 684)

### CAMERON v. STATE.

### 8 Div. 278.

Court of Appeals of Alabama.
May 12, 1931.

■

Walter J. Price, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

■

BRICKEN, P. J.

This court, sitting en banc, has read, and given attentive consideration to, all of the evidence in this case, and cannot understand how the conviction of this appellant could be had upon the undisputed testimony. The charge against him was the possession of home-brew, or beer; but there is a total lack of any evidence to show that this appellant was at any time in the possession thereof. To the contrary, the undisputed evidence showed conclusively that the home-brew in question belonged to, and was in the possession of, one Herman Taylor, and, as stated, there was no testimony of any witness that this appellant was at any time in possession of any part thereof. Under the undisputed testimony as a matter of law, he was entitled to his discharge, and the ruling of the court to the contrary was error.

The evidence disclosed that this appellant, termed by the witness a boy, and the said Taylor and two girls drove out on the mountains to an isolated point, and that Taylor stated, after they arrived, he was going off to get some home-brew, and during his absence this appellant and the two girls left the car and sat upon the ground nearby in the shade. When the officers appeared, they found them in this position, and nearby was a crock which contained home-brew. Taylor,

returning while the officers were there, had three or four bottles of home-brew in his possession. All four of the young people were arrested by the officers and taken back to town under arrest. Officer Davis Steger testified "this defendant did not have any home brew in his possession. * * * I brought him to town, the defendant wasn't drinking anything like that." As stated, Taylor admitted that the home-brew was his and that this appellant had nothing to do with it, and did not at any time have any of it in his possession. Such was testimony of the other three who were arrested, and neither of the officers testified to the contrary.

Some evidence was admitted over the objection and exception of this appellant, which had no connection with this appellant, and as to him was inadmissible and irrelevant upon the trial of this case. The court erred to a reversal in overruling the motion for a new trial.

Reversed and remanded.